# ROSEBURG LUMBER CO. *v.* COMMISSION

Donald A. Dole, Long, Neuner, Dole & Caley, Roseburg, Oregon, represented the plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, Oregon, represented the defendant.

Decision for plaintiff rendered December 3, 1968.

EDWARD H. HOWELL, Judge.

The issue in this case is whether a portion of plaintiff's inventory of mahogany and birch veneer on hand on January 1, 1965, is exempt from taxation under the import-export clause, Art I, § 10, of the United States Constitution.

The defendant commission found that plaintiff was not an importer of the mahogany and birch veneer and therefore not entitled to the exemption.

A statement of the facts is necessary.

The plaintiff, a manufacturer of wood products, including plywood, acquires mahogany veneer called "Lauan" from the Philippine Islands and birch veneer from Canada, in addition to using domestic veneer. The plaintiff reported its personal property inventory on the average method.

To facilitate the supply of Lauan for several years the plaintiff has maintained a close liaison with the manufacturers of Lauan in the Philippine Islands. The producing mills are advised of the plaintiff's grade requirements and amount needed. The plaintiff then places an order with an import broker who represents the foreign producers who bundle, mark and ship the veneer. The price is on a per thousand foot basis, FOB Longview, Washington, with the freight, insurance and customs paid by the broker who includes these expenses in the cost of the veneer to plaintiff. When the Lauan is unloaded at Longview it is shipped by rail to plaintiff's plant at Dillard or held in warehouse facilities in Longview, depending on plaintiff's requirements at the time. Plaintiff retains the right to divert and resell the veneer.

The birch veneer is purchased from Weyerhaeuser of Canada, Ltd., which operates mills in Canada. No brokers are involved. The veneer is special ordered by plaintiff and is manufactured, graded, and the bundles marked for plaintiff by Weyerhaeuser. The price paid Weyerhaeuser does not include freight which is paid directly to the railroad. Weyerhaeuser makes the entry at the customshouse, pays the duty and is reimbursed by plaintiff. As with the Lauan the plaintiff has the right to divert and resell the birch veneer.

The defendant relies on *Cominco Products, Inc. v. Tax Comm.*, 243 Or 165, 411 P2d 85 (1966), *cert.*

*denied,* 385 US 830 (1966), to support its findings that plaintiff is not an importer entitled to immunity from taxation under the United States Constitution. The decision in *Cominco* and the cases cited therein do not apply to this case. In *Cominco* the court was confronted with the question of whether goods consigned by an importer in the State of Washington to dealers in the State of Oregon were exempt from personal property taxes. The decision in *Cominco* is authority for the proposition that goods in the hands of the consignee of the importer are not immune from taxation in Oregon under the import-export clause of the United States Constitution.

The question of whether plaintiff is an importer is controlled by the decision of the United States Supreme Court in *Hooven & Allison Co. v. Evatt,* 324 US 652, 65 S Ct 870, 89 L ed 1252 (1944). In that case the taxpayer, through a broker, purchased hemp produced in the Philippine Islands. The broker represented the foreign producer and the contract was made with the broker. The court stated:

> "From all this it is clear that from the beginning, after the contract of purchase is signed, the foreign producer is obligated to sell the merchandise on credit, to ship it to an American port and to deliver it to petitioner, which is obligated to accept and pay for it. * * * Petitioner's contracts of purchase are the inducing and efficient cause of bringing the merchandise into the country, which is importation. Examination of the documents and consideration of the course of business can leave no doubt that the petitioner not only causes the importation but that the purpose and necessary consequence of it are to supply petitioner with the raw material for its manufacture of cordage at its factory in Ohio.
> "* * * * *

. "*. * * It is evident that the constitutional pro-
hibition envisages the present transaction, quite
as much as if the petitioner had sent his own agent
abroad where he had purchased and paid for the
merchandise and shipped it to petitioner in this
country. * * *

"It is enough for present purposes that the
merchandise in this case was imported, and that
petitioner was the efficient cause of its importation,
the purpose and effect of which was petitioner's
acquisition of the merchandise for its manufacture
into finished goods. * * *." 324 US at pp 661-
664.

■ The facts show clearly that in purchasing both
the Lauan and the birch veneer the plaintiff's con-
tracts of purchase were "the inducing and efficient
cause of bringing the merchandise into the country"
and that plaintiff is an importer within the meaning
of the import-export clause of the United States Con-
stitution.

■ The next issue concerns the amount of the plain-
tiff's inventory of imported veneer subject to personal
property taxation. The commission found that even
if the plaintiff were considered to be an importer, all
of its imported inventory is subject to taxation. The
question of the amount of inventory imported by a
manufacturer for use in the manufacturing process
that is exempt from local taxation was decided by this
court in *Beall Pipe and Tank Corp. v. Comm.,* 3 OTR
229, *affirmed* 89 Adv Sh 167, 458 P2d 420 (1969). The
court followed the decision of the Colorado Supreme
Court in *City and County of Denver v. Denver Pub-
lishing Co.,* 153 Colo 396, 387 P2d 48 (1963), and the
Ohio Supreme Court in *Wheeling Steel Corp. v. Por-
terfield,* 14 Ohio St2d 85, 236 NE2d 652 (1968), and
*Orr Felt & Blanket Co. v. Schneider,* 3 Ohio St2d 14,

209 NE2d 150 (1965). Both states found that only the amount of the importers' imported and stored material required for current operational needs was taxable. The importers' current operational needs were determined as the amount of goods necessary to be on hand for the length of time required to secure an additional supply from the foreign source. This court refused to follow the decision in *Virtue Bros. v. County of Los Angeles,* 239 Cal App2d 220, 48 Cal Rptr 505 (1966); *cert. denied,* 385 US 820 (1966), which rejected the current operational needs test and held, contrary to the Colorado and Ohio courts, that all of the inventory of an importer which was committed to manufacturing was taxable.

The formula used by the Supreme Courts of Colorado and Ohio (and this court in *Beall, supra*) to determine current operational needs as the length of time required to secure an additional supply of inventory from the foreign source is equally applicable in this case. The evidence established that under normal conditions Lauan veneer could be supplied from the Philippine Islands in not to exceed three months, and birch veneer from Canada in not to exceed two months. The evidence also showed that plaintiff used an average of $36,250 of Lauan and $52,719 of birch per month. Therefore, $108,750 of the total Lauan inventory and $105,438 of the birch inventory was required for plaintiff's current operational needs and was taxable. The balance of plaintiff's Lauan and birch inventory was exempt from taxation under Art I, § 10, of the United States Constitution.